## No. 659.

### J. B. PICKETT ET AL. VS. J. A. HAYNES ET AL.*

Defendants have objected to the filing of plaintiffs' amended petition on the ground that it came too late and it altered the substance of the demand. The objection is not well founded. The amendment was made before the trial, and it does not appear to be such a change in the character of the demand as is contemplated by the Code.

Unless the plaintiffs were notified of the proceedings in bankruptcy, they were not parties to them and were not bound thereby. The only thing which has the appearance of notice is the schedule and publication which are filed by the bankrupt. But this is not sufficient. The parties in interest must be notified, and of this fact there is no evidence in the record.

The plea of prescription of five years is not tenable. The notes were all dated Jan-

uary 14, 1867, and payable in one, two, and three years from date. Judgment was obtained on the first note on the twenty-seventh of March, 1868, and this suit was instituted and service was made on the ninth of January, 1874. The two other notes were due on the fourteenth of January, 1869, and fourteenth of January .1870. As service of this petition was made on the ninth of January, 1874, it follows that the suit was instituted and the defendants cited before the expiration ·of five years after they fell due.

The prescription of two years, relied upon by defendants, refers to actions in bankruptcy as to matters between those who were parties to those proceedings. Plaintiffs not having been made parties to the bankrupt proceedings referred to in this case, it follows that they are not governed by the law which defendants invoke. and, as said plaintiffs were not before the bankrupt court, they are not bound by its decree.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Turner*, J. *Nutt & Leonard* and *J. A. Snider*, for plaintiffs and appellees. *J. D. Watkins & Fort* and *B. R. Forman*, for defendant and appellant.

MORGAN, J. John Pickett sold a tract of land to P. M. and A. P. Butler for $10,375 57 in gold, one fourth of the price being cash, and the balance on a credit of one, two, and three years, with eight per cent interest from the day of sale, to secure which a mortgage and vendor's privilege was retained. The mortgage contained a waiver of appraisement in case the land was sold, and also the pact *de non alienando.*

The notes were transferred by John Pickett to the plaintiffs. They were not paid at maturity, and P. M. Butler transferred his one half interest in the land to plaintiffs. A. P. Butler went into bankruptcy and assigned his interest for the benefit of his creditors. His interest was ·sold by the assignee in bankruptcy to J. H. Haynes, who took possession of the same.

This suit was originally instituted for the purpose of enforcing the resolutory condition, plaintiffs averring that they had tendered to the defendants the amount paid by them to the assignee in bankruptcy, asking ·that the property be restored to them free from incumbrance; that their special mortgage and vendor's privilege be recognized; and that a period be fixed by the court in which the defendant may be required to pay the ·balance of the purchase price, or in default thereof, to restore the land to plaintiffs' possession.

Defendant claims to be the owner of the land under his title from the assignee in bankruptcy, which, he says, he purchased freed from all mortgages or other incumbrances. Plaintiffs then amended their petition, and, reiterating the allegations therein, aver that the sale set up by ·the defendant is a nullity, because it was made without any notice to plaintiffs and in fraud of their rights, and was not made in conformity ·with the requirements of the law. They deny that there were ever any legal proceedings had in bankruptcy against A. P. Butler. They aver ·that, if the recorder of the parish of Bossier has assumed to cancel the

mortgage given to secure the payment of the notes held by them, his action was illegal and unauthorized, and that the cancellation should be erased. They aver that they are entitled to a judgment against A. P. Butler for the amount of the notes sued on, and, recognizing their mortgage as set forth in their original petition, and directing the same to be enforced in accordance with the terms and stipulations of the mortgage, they pray that the recorder of Bossier parish be cited, and that, if their mortgage appear to be canceled, he be directed to erase such cancellation. They pray for judgment against A. P. Butler for the amount of the notes and interest as stated in their original petition and that it be recognized and enforced according to its terms.

Defendants objected to the filing of this amended petition on the ground that it came too late, and because it altered the substance of the demand. The amendment was made before trial, and it appears to us that it was not such a change in the character of the demand as is contemplated by the Code. They then excepted peremptorily that the petition discloses no cause of action; that the district court was without jurisdiction *ratione materiæ et personæ.* They pleaded the prescription of five years and the proceedings in bankruptcy.

That the property in question was surrendered in bankruptcy, and that it was sold by the assignee and purchased by the defendant, is not disputed. The question is whether or no the sale interfered with the plaintiffs' rights. And this depends upon whether the plaintiffs were parties to the bankrupt proceeding and to the sale. Unless they were notified of the proceedings in bankruptcy, they were not parties to them and are not bound thereby. The only thing which has the appearance of notice is the schedule and publication which is filed by the bankrupt. But this is not sufficient. The parties in interest must be notified, and of this fact there is no evidence in the record. The case is similar in all of its important features to the cases of Willard vs. Brigham, 25 An. 600; King vs. Bowman, 25 An. 506; 21 An. 401.

That plaintiffs have a cause of action is, we think, apparent from the pleadings. They are suing to recover a debt. The case is between citizens of the State before a court of competent jurisdiction both as to the persons and object of the suit. The plea to the jurisdiction is not, therefore, well taken. The plea of prescription of five years is not tenable. The notes were all dated on the fourteenth of January, 1867, and payable in one, two, and three years from date. Judgment was obtained on the first note on the twenty-seventh of March, 1868, and this suit was instituted and service was made on January 9, 1874. The two other notes were due on the fourteenth of January, 1869, and fourteenth of January, 1870. As service of this petition was made on the ninth of January,

1874, it follows that the suit was instituted and the defendants cited before the expiration of five years after they fell due.

The prescription of two years, relied upon by defendants, refers· to actions in bankruptcy matters between those who were parties to the proceedings. But as we have come to the conclusion that plaintiffs were not parties to the bankrupt proceedings, it follows that they are not governed by the law which defendants invoke.

As to the position that, if there is no debt, there can be no mortgage, it may be conceded. But we have seen that there is a debt. The argument consequently fails. It is urged that the jurisdiction of the bankrupt court is complete and exclusive. This may be as regards all who were properly before it. But we have seen that plaintiffs were not before that court. They are not bound, therefore, by its decree.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs.

Rehearing refused.

*Carried to the Supreme Court of the United States by writ of error.